UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT HUBER,<br>Plaintiff,<br>v.<br>S. CAMARILLO, et al.,<br>Defendants. | Case No. 2:26-cv-00473-DAD-CSK (PS)<br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S IFP REQUEST<br>(ECF No. 5) |

Plaintiff Herbert Huber, who proceeds without the assistance of counsel, requests leave to proceed in forma pauperis ("IFP") without prepayment of the filing fee under 28 U.S.C. § 1915.[1] IFP Affid. (ECF No. 5). Plaintiff filed a renewed application in response to the Court's April 3, 2026 order denying, without prejudice, Plaintiff's first application to proceed IFP as incomplete. *See* 4/3/2026 Order (ECF No. 3); (ECF No. 2).

28 U.S.C. § 1915(a) provides that the court may authorize the commencement, prosecution or defense of any suit without prepayment of fees or security "by a person who submits an affidavit stating the person is "unable to pay such fees or give security therefor." This affidavit is to include, among other things, a statement of all assets the person possesses. *Id.* The IFP statute does not itself define what constitutes insufficient

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id.* (citation modified). Nonetheless, a plaintiff seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id.* (citation modified). According to the United States Department of Health and Human Services, the current poverty guideline for a household of 1 (not residing in Alaska or Hawaii) is $15,960.00. *See* U.S. Dep't Health & Human Service (available at https://aspe.hhs.gov/poverty-guidelines) (last visited September 24, 2026).

Here, Plaintiff's affidavit indicates he has a monthly gross income of $1,453, i.e., $17,436 annually. *See* IFP Affid. ¶ 3. Plaintiff states he has $100 in a checking or savings account and has monthly expenses of approximately $386. *Id.* ¶¶ 4, 6. Plaintiff further states he provides $300 to $600 monthly to an individual named Cyndy Ragan. *Id.* ¶ 7.

Thus, Plaintiff's gross household income exceeds the 2026 poverty guideline. Further, Plaintiff's income-to-expense ratio leaves him, on average, with approximately $467 to $767 per month in expendable income. Given this, the Court cannot find Plaintiff unable to pay. *See Escobedo*, 787 F.3d at 1234. While the Court is sympathetic to Plaintiff's situation, he is not indigent and numerous litigants in this court have significant monthly expenditures. Thus, the Court recommends Plaintiff's IFP motion be denied. *See Tripati v. Rison*, 847 F.2d 548 (9th Cir. 1988) (absent consent of all parties, magistrate judge lacks authority to issue dispositive order denying in forma pauperis status).

Presently, a filing fee of $405.00 is required to commence a civil action in this court. In recognition of Plaintiff's financial resources, the Court finds it appropriate to allow for monthly payments of a minimum of $81.00 for five monthly payments until the full filing fee is satisfied. The undersigned recommends that, upon receipt of the first

installment from Plaintiff, the Clerk of the Court be allowed to issue the appropriate service orders.

Accordingly, the undersigned RECOMMENDS:

1. Plaintiff's IFP request (ECF No. 5) be DENIED;
2. Plaintiff be granted leave to satisfy the filing fee in $81.00 monthly installments for five installments, beginning November 1, 2026 and due on the first of each month thereafter, and allow for the Clerk to issue a summons after the first installment is received; and
3. Plaintiff be warned that failure to satisfy the full filing fee according to the payment schedule may result in dismissal under Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). No objections period is required for IFP denials. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998), as amended (Sept. 9, 1998) ("[Plaintiff] was not entitled to file written objections to the magistrate judge's recommendation that [her] application to proceed in forma pauperis be denied.").

Dated: September 25, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, hube.0473.26